UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LYNETTE MOORE,

                Plaintiff,

v.

DENA HUNT and
MILWAUKEE COUNTY,

                Defendants.

Case No. 14-CV-1101-JPS

ORDER

       This matter is before the Court in two respects. First, the Court requested that the parties brief abstention issues in this case. (Docket #30). They complied (Docket #31, #34, #35), so the Court can now address that issue. Second, shortly after the abstention issues were briefed, the plaintiff, Lynette Moore, moved for judgment on the pleadings. (Docket #38). Ms. Moore's motion, in turn, prompted a motion from the defendants, Dena Hunt and Milwaukee County (collectively, "the County"), to amend the County's answer in order to correct (what it asserts to be) a clerical error that it had not discovered until receiving Ms. Moore's motion for judgment on the pleadings. (Docket #40). Ms. Moore's motion for judgment on the pleadings relies heavily on that clerical error. (*See* Docket #38). Both the motion for judgment on the pleadings and the motion to amend are now fully briefed and also ready for a decision.

       The Court will now resolve the pending issues before it. The Court will begin by addressing the interrelated motion for judgment on the pleadings and motion to amend. Thereafter, the Court will resolve the issue regarding abstention.

1. **MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND**

In support of her motion for judgment on the pleadings, Ms. Moore points to an admission in the County's second amended answer (Docket #29). Specifically, the County responded to Paragraph 64 of Ms. Moore's second amended complaint by stating: "64. Answering Paragraph 64 of Plaintiff's Amended Complaint, admit." (Docket #29 ¶ 64). Paragraph 64 of Ms. Moore's second amended complaint, meanwhile, had alleged:

> 64. Defendants, through their policy and custom, deprived Plaintiff Lynette Moore of her right protected by 42 U.S.C. § 1437f, 24 C.F.R. § 982.302(a), the County's Administrative Plan, Part 5-II.E., and HUD Regulations, 24 C.F.R. §§ 982.54(c), 982.303(b)(1), to have her voucher issued in accordance with a public housing authority's administrative plan and the implementing federal regulations, in the following respects:
>
>    a. Issuing a voucher without a request from the participant;
>
>    b. Failing to inform the participant promptly that a voucher has been issued;
>
>    c. Failing to extend the voucher beyond June 17, 2014;
>
>    d. Failing to issue a written response to Ms. Moore's requests for an extension; and
>
>    e. Failing to consider the factors listed in the Administrative Plan regarding when an extension should be granted.

(Docket #28, ¶ 64).

In her brief in support of her motion for judgment on the pleadings, Ms. Moore provides very little argument and a single case citation regarding the judgment on the pleadings standard. (Docket #39 at 2). In full, she wrote:

> A court should grant a motion for judgment on the pleadings if no material issue of fact needs to be resolved and the moving party is entitled to judgment as a matter of law. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). In evaluating such a motion, the court may only consider matters presented in the pleadings. *Id.*
>
> In this case, Defendants do not dispute the facts underlying Moore's third claim. Defendants additionally admitted liability on that claim. Specifically Defendants admitted that their customs and policies, which resulted in the actions described in Moore's third claim, deprived Moore of her rights protected by federal law. Accordingly there are no issues of fact or law for the Court to decide regarding Defendants' liability on Moore's third claim. Although the issue of monetary damages as a result of that claim remains a matter for summary judgment or trial, Moore is entitled to partial declaratory judgment based on the pleadings alone.

(Docket #39 at 2). She provides more detailed analysis in her reply brief, but still concludes that the Court should find that the County has admitted paragraph 64. (Docket #48 at 5). In other words, Ms. Moore's motion for judgment on the pleadings seems to turn entirely on the Court's determination of whether the County, in fact, admitted paragraph 64.

Thus, the County has moved to amend its answer to the plaintiff's second amended complaint. (Docket #40). In support, the County asserts that its purported admission was merely a clerical error and that it should be allowed to amend its answer under Rule 15(a)(2). (*See* Docket #41). Specifically, the County alleges that it accidentally filed an incorrect version of its answer. (Docket #41 at 4; Docket #42 ¶¶ 6–9).

The Court will address the motion to amend first. Indeed, this is the most important issue: as the Court has already noted, if it allows

amendment, then Ms. Moore's motion for judgment on the pleadings automatically fails.

When a party requests permission to amend a pleading under Rule 15(a)(2), "'[t]he court should freely give leave [to amend] when justice so requires'"; this mandate is one to be heeded. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, No. 14-1729, --- F.3d ----, 2015 WL 2151851, *4 (7th Cir. May 8, 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In *Runnion*, the Seventh Circuit advised the district courts that denial of an opportunity to amend would "be reviewed rigorously on appeal." *Id.* at *5. Granted, *Runnion* presents a different situation than this one: *Runnion* involved a district court's denial of a plaintiff's motion to amend its complaint, whereas this case involves the defendants' request to amend their answer. Nonetheless, in reaching its decision, the *Runnion* court, quoting extensively from an earlier case, endorsed "'[t]he federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities.'" *Id.* at *5 (quoting *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687; 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)).

That same principle—the policy of deciding cases on the basis of substantive rights rather than technicalities—also applies here. The County clearly *does not* admit liability, regardless of what it wrote in its answer. Moreover, the Court finds it exceedingly unlikely that Ms. Moore genuinely believed that the County was admitting liability. If the County were, indeed, admitting liability, why wouldn't the parties have entered a consistent stipulation? It is clear that the County made an unfortunate clerical error, and that Ms. Moore is now trying to achieve judgment in her favor by relying on that technicality rather than upon the merits, in violation of the principle

discussed by *Runnion.* 2015 WL 2151851, at *5. Simply put, in this case, justice requires that the County be given leave to amend its complaint.

Moreover, the Court cannot find any reason to deem the amendment improper. "[C]ourts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello,* 520 F.3d 737, 743 (7th Cir. 2008).

The County did not delay in filing its motion to amend; it filed the motion five days after being put on notice that there was an issue. (*See* Docket #38 (filed on April 3, 2015); Docket #40 (filed on April 8, 2015)). There is no indication that Ms. Moore discussed the matter with the County before filing its motion.

Ms. Moore's strongest argument is that she would be prejudiced by allowing the County to amend its answer. She asserts that her discovery requests were all informed by the County's purported admission. (Docket #47). That may be that case, but then the Court questions why she did not either: (1) simply clarify the issue with the County; or (2) move for judgment on the pleadings earlier?

As to the first of those options, when Ms. Moore received the County's complaint and saw the surprising admission of liability on an important point, the wisest course of action would have been to clarify the matter with the County so that she could proceed with a clear understanding of the case and the matters at issue. She did not do so, and thus at least some of any prejudice can be attributed back to her. Ms. Moore asserts that she did not see a need to clarify the issue with the County, because the County has provided inconsistent answers throughout the pendency of the case. (*E.g.*, Docket #47 at 2–5). The Court does not doubt that. Indeed, Ms. Moore

Page 5 of 12

Case 2:14-cv-01101-JPS   Filed 05/20/15   Page 5 of 12   Document 51

highlights several troubling instances of inconsistency. More troubling, it appears that communications between the attorneys have almost entirely broken down.

While that is all unfortunate, it did not prevent Ms. Moore from seeking clarification of the issue with the Court. Instead of immediately moving for judgment on the pleadings after receiving the County's answer, Ms. Moore waited more than two months to do so. Again, this delay makes any prejudice to her discovery rights partly attributable to her.

In any event, if Ms. Moore truly needs additional discovery on the issue, the Court will consider granting her additional time to do so. She may file a motion seeking additional time and providing the Court with an overview of what she believes she will discover and how it might impact her case. Thus, to the extent that any prejudice is attributable to the County's error, the Court can cure that prejudice by allowing additional discovery if it finds such additional discovery to be necessary.

The pleading also would not be futile. The parties appear to vigorously disagree over whether the County should be liable, and the Court believes that this matter is best addressed on its merits after briefing from the parties. *See Runnion*, 2015 WL 2151851, at *5.

For all of these reasons, the Court is obliged to grant the County's motion to amend. Likewise, the Court will deny Ms. Moore's motion for judgment on the pleadings.

The Court closes by noting that it is concerned with the parties' lack of cooperation. If the parties had simply sat down to talk with one another about this issue, they could have saved each other and the Court significant time and resources. While the County's error in filing an incorrect brief is certainly not a positive thing, it also is not an error of such magnitude as to

compel judgment against it. Every attorney has likely had a moment where he or she made a similar mistake. The professional response for Ms. Moore's attorneys would have been to advise the County of the (fairly obvious) mistake and agree on a solution from there. Instead, Ms. Moore filed her motion for judgment on the pleadings seemingly without even discussing the issue with the County. There is blame on both sides of this situation. But, clearly, going forward, the parties need to try to repair their communications so that they can address these issues in a professional way and avoid the wasted effort and costs that attended these motions.

2. ABSTENTION

Ms. Moore has helpfully identified the four bases for abstention (or abstention-like concepts) that the Court might consider: *Pullman* abstention; *Burford* abstention; *Younger* abstention; and the *Colorado River* doctrine. (*See* Docket #31). These concepts are rare exceptions to the general rule that the Court has a "'virtually unflagging'" obligation to hear and decide cases over which it has jurisdiction. *Sprint Comm'ns, Inc. v. Jacobs*, --- U.S. ----, 134 S.Ct. 584, 591 (2013) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Even "[p]arallel state-court proceedings do not detract from that obligation." *Sprint*, 134 S.Ct. at 591 (citing *Colorado River*, 424 U.S. at 817). With that generally high standard in mind, and analyzing each of the four bases separately, the Court determines that none apply to the situation at hand.

The County has not addressed *Pullman* or *Burford* abstention, so the Court understands that the County does not assert that either of those bases for abstention applies. In any event, neither applies. *Pullman* abstention applies when "'(1) there is a substantial uncertainty as to the meaning of the state law and (2) there exists a reasonable probability that the state court's

clarification of state law might obviate the need for a federal constitutional ruling.'" *Wisconsin Right to Life State Political Action Committe v. Barland*, 664 F.3d 139, 150 (7th Cir. 2011) (quoting *Int'l Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 365 (7th Cir. 1998); citing *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941)). The parties have not identified any uncertainty in state law or any probability that a state court will clarify any such issue; likewise, the Court cannot find either of those two requirements. Thus, *Pullman* abstention is not appropriate in this case. *Burford* abstention applies first when a federal court "is faced with 'difficult questions of state law' that implicate significant state policies," and second "when concurrent federal jurisdiction would 'be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 504 (7th Cir. 2011) (citing *New Orleans Public Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) ("NOPSI"); *Colorado River*, 424 U.S. at 814). With regard to the second of those two situations, the "mere existence of a statewide regulatory regime is not sufficient. The state must 'offer some forum in which claims may be litigated,' and this forum must 'stand in a special relationship of technical oversight or concentrated review to the evaluation of those claims.'" *Adkins*, 644 F.3d at 504 (quoting *Property & Casualty Insurance Ltd. v. Central National Ins. Co. of Omaha*, 936 F.2d 319, 323 (7th Cir. 1991)). Again, neither party has identified any facts that would implicate this form of abstention, and the Court cannot identify any.

The County does, however, argue that *Younger* abstention applies. *Younger* abstention applies "in exactly three classes of cases: where federal jurisdiction would intrude into ongoing state criminal proceedings, or into certain civil enforcement proceedings (judicial or administrative) akin to criminal prosecutions, or into civil proceedings 'that implicate a State's

Page 8 of 12

Case 2:14-cv-01101-JPS   Filed 05/20/15   Page 8 of 12   Document 51

interest in enforcing the orders and judgments of its courts.'" *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (quoting *Sprint*, 134 S.Ct. at 588). *Younger* is specifically limited to those "three 'exceptional' situations," and, if a case does not present one of those situations, then "*Younger* abstention is not appropriate even when there is a risk of litigating the same dispute in parallel and redundant state and federal proceedings." *Mulholland*, 746 F.3d at 816 (citing *Sprint*, 134 S.Ct. at 591; *Nader v. Keith*, 385 F.3d 729, 732 (7th Cir. 2004)).

This case certainly is neither criminal nor quasi-criminal in nature, so it does not present either of the first two *Younger* situations.

On the other hand, whether this case falls under the third *Younger* situation is a much closer question. Ms. Moore has two separate actions proceeding right now: this federal action and a separate state action. In both, she challenges the three separate terminations of her housing benefits by the Milwaukee County Housing Authority ("MCHA"). However, she asserts that the two actions differ in significant ways. According to Ms. Moore, this federal action challenges only the first and second of the MCHA's terminations. (Docket #37 at 1–2). If successful in this federal suit, Ms. Moore would be entitled only to a "retroactive and limited reinstatement," allowing Moore to recover damages from "the time [MCHA] initially violated Moore's rights to the time they issued a written decision." (Docket #37 at 3–4). In contrast to this federal action, Ms. Moore's separate state action involves a challenge to the MCHA's written decision (the third termination decision). (Docket #37 at 2). In that state suit, Ms. Moore seeks reversal of the MCHA's written termination decision (which, presumably, would reinstate Ms. Moore's housing benefit). (Docket #37 at 2, 4). So, this federal case requires a determination of whether the MCHA violated Ms.

Moore's rights by: (1) terminating her benefit before her voucher expired; or (2) failing to hold a hearing before terminating her. (Docket #37 at 4). The state case, meanwhile, appears to involve a review of the MCHA's written termination decision *on the merits*, as opposed to on any constitutional grounds. For these reasons, the Court agrees with Ms. Moore: this case does not present a situation that "'implicate[s] a State's interest in enforcing the orders and judgments of its courts.'" *Mulholland*, 746 F.3d at 815 (quoting *Sprint*, 134 S.Ct. at 588). For these reasons, *Younger* abstention is inappropriate.

The *Colorado River* doctrine also does not apply. "Pursuant to *Colorado River*, a federal court may stay or dismiss a suit in federal court when a concurrent state court case in underway, but only under exceptional circumstances and if it would promote 'wise judicial administration.'" *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (quoting *Colorado River*, 424 U.S. at 817–18).

> To determine whether a stay is appropriate, the court is required to conduct a two-part analysis. First, the court must determine whether the state and federal court actions are parallel. *AAR Int'l Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir.2001). If the actions are not parallel, the *Colorado River* doctrine does not apply and the court need not address the second part of the analysis. *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1287 (7th Cir.1988). If, however, the court determines that the proceedings are parallel, the court must decide whether abstention is proper by carefully weighing ten non-exclusive factors. *AAR Int'l Inc.*, 250 F.3d at 522.
> 
> * * *
> 
> For a state court case to be parallel to a federal court case under the *Colorado River* doctrine, there must be "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen* [*Const. Co. v. Brant Const.*

>> *Co., Inc.*], 780 F.2d [691,] 695 [(7th Cir. 1985)]. The cases need not be identical to fulfill the requirement of parallelism, but the court must examine whether "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Interstate Material Corp.*, 847 F.2d at 1288 (quoting *Calvert Fire Ins. Co. v. American Mutual Reinsurance Co.*, 600 F.2d 1228, 1229 n. 1 (7th Cir.1979)).

*Freed*, 756 F.3d at 1018–19. This case is not parallel to the state court case. As far as the Court can tell, the state court's decision will have no impact on this case (aside from potentially impacting the damages calculation). (Docket #37 at 4 n.1). Certainly, there is not a substantial likelihood that it will dispose of the issues in this case. Accordingly, the first requirement for application of *Colorado River* is not satisfied, and the doctrine is inapplicable to this case.

Having found no basis for abstention, the Court will not abstain from deciding this case.

3. CONCLUSION

For the reasons described above, the Court will grant the County's motion to amend and accept the County's proposed amended answer. The Court will, accordingly, deny Ms. Moore's motion for judgment on the pleadings.

As to the Court's request that the parties brief the issue of abstention, the Court thanks them for their efforts and concludes that abstention is not appropriate in this case.

Accordingly,

IT IS ORDERED that the County's motion to amend (Docket #40) be and the same is hereby GRANTED; the Court hereby ADOPTS the County's proposed amended answer (Docket #40, Ex. 1) as the County's operative answer in this case;

IT IS FURTHER ORDERED that Ms. Moore's motion for judgment on the pleadings (Docket #38) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the Court will not abstain in this case.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge